# /IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
|---|---|
| v. | NO. 1:14-CR-227-TCB-RGV |
| AARON BLAKE BUCKLEY | |
| | [*REVISED 02/17/2010*] |

## O R D E R

**I.** A pretrial conference shall be held in this case on **THURSDAY, SEPTEMBER 4, 2014, at 10:00 a.m.,** before the undersigned Magistrate Judge in **Courtroom 2022**, **20th Floor**, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. Counsel who will actually handle the trial of the case must be present. The defendant need not be present. N.D. Ga. CrR. 17.1.

***Please note*** *that it shall be the responsibility of Defendant's counsel to notify the office of the undersigned and counsel for the Government if no pretrial motions shall be filed and/or no pretrial conference is required.*

AO 72A
(Rev.8/82)

**II**. Prior to the above-scheduled conference, the following shall occur:

A. The parties shall confer regarding the probable disposition of the case, scheduling problems, resolution of issues related to discovery production and the mechanics thereof, possible motions, and possible stipulations of law and fact, pursuant to N.D. Ga. CrR. 12.1D.

B. Upon the defendant's request, the government shall permit the defendant to inspect and copy discoverable matter, including but not limited to, all Rule 16 materials, all search warrants and affidavits, consent forms for any searches that the defendant arguably has standing to challenge, *Miranda* rights and waiver of *Miranda* rights forms, and photographs from which identification of the defendant was made. If the government has discoverable materials not immediately available locally, it shall advise the defendant of the existence and nature of the items. N.D. Ga. CrR. 16.1.

In accordance with FED. R. CRIM. P. 12(b)(4), the government shall enumerate and describe with particularity the existence and nature of all items seized during any search that the defendant arguably has standing to challenge, including specifying where such items were seized during said search.[1] Where reciprocal discovery is requested by the

---

[1] Pursuant to N.D. Ga. CrR. 16.1, at arraignment the government is required to provide the defendant with an inventory of all items seized from the defendant by law enforcement officials which the government expects to introduce at trial.

government, the attorney for the defendant shall personally advise the defendant of the request, the defendant's obligations thereto, and the possibility of sanctions, including exclusion of any such evidence from trial, for failure to comply with the Rule. *See* FED. R. CRIM. P. 16(b) and (d); N.D. Ga. CrR. 16.1.

  C. A party desiring to inspect and copy any materials which were not available initially shall be permitted to do so in accordance with the Local Rules. N.D. Ga. CrR. 16.1.

  D. All discovery of materials known by the parties or their agents to exist shall be completed within the times contemplated by this order **unless** a modifying order is entered upon motion made under N.D. Ga. CrR. 16.1 or FED. R. CRIM. P. 16(d). The parties shall document, independent of their personal recollection, compliance with requests and orders for discovery.

---

The government **SHALL** furnish the affected defendant with such an inventory.

3

### III. *Filing Pretrial Motions*

The parties are reminded that pretrial disclosure in criminal cases generally is governed by FED. R. CRIM. P. 16 or pursuant to case law, such as *Brady v. Maryland*, 373 U.S. 83 (1963), and that the government ordinarily has no basis upon which to object. The local rules **require** any party seeking relief through a motion to confer with opposing counsel in an attempt to resolve disputed matters ***prior to*** the filing of motions related thereto. N.D. Ga. CrR. 12.1.D. Moreover, FED. R. CRIM. P. 16 directs that the government must produce discoverable material upon only a "request" of the defendant.

Therefore, counsel are **DIRECTED** to **NOT** file any motion for materials or information or other relief that: (1) the opposing party has agreed to provide, or (2) the party is entitled to inspect and copy under applicable criminal rules and case law, **UNLESS** the attorney certifies to the court in writing that: (1) the materials have been requested from the opposing party or the motion for other relief has been discussed with the counsel for the opposing party, and (2) the opposing counsel declines to provide the materials/information/relief requested. If counsel believes it is necessary to document what is requested from, or agreed to by, the government, he or she may do so by letter to opposing counsel, without filing or copying such letter with the Court. Counsel also may re-label his or her standard motions as "Requests" and serve them on opposing

4

counsel, but **NOT** file them with the Clerk's Office or the Court. Or, counsel may file with the Clerk a certification that the defendant had served the government with a discovery request, and keep the original discovery request in his or her file, to be filed with the Clerk only upon the need to use the request in court, similar to the practice in civil cases. *See* N.D. Ga. R. 5.4 and 26.3. The Court **WILL** discuss any such requests at the pretrial conference. The requests, certificates or letters may later be used to support a motion for sanctions or to compel, if the opposing party fails to comply with his or her legal obligations or agreements. *See* FED. R. CRIM. P. 16(d)(2).

If, after consultation and failure to reach an agreement with opposing counsel, counsel files a motion for materials or information outside the scope of FED. R. CRIM. P. 16 and relevant case law, he or she shall do so **ONLY** by making a particularized showing that relates to the facts of this case.

### IV. *Standard Rulings*

The following rulings are made in this case and are **intended *only* to obviate the need for standard, non-particularized motions on these subjects**. Any party who disagrees with these standard rulings may file, within the time allowed for filing motions, *see* N.D. Ga. CrR. 12.1(B), a particularized motion for relief therefrom, including a motion to compel or for a protective order.

AO 72A
(Rev.8/82)

A. *<u>Discovery Materials</u>:* Upon request of the defendant, the government is directed to provide to the defendant all materials and information falling within the scope of FED. R. CRIM. P. 16 and N.D. Ga. CrR. 16.1, including but not limited to an inventory of all items seized from the defendant by law enforcement officials which the government intends to introduce at trial. The government has a continuing duty to disclose any evidence that is subject to discovery or inspection. *United States v. Jordan*, 316 F.3d 1215, 1249 (11th Cir. 2003); FED. R. CRIM. P. 16(c).

B. *<u>Discovery and Disclosure of Evidence Arguably Subject to Suppression and of Evidence Which is Exculpatory and/or Impeaching</u>:* Upon request of the defendant, the government is directed to comply with FED. RS. CRIM. P. 12 and 16, by providing notice as specified in section II.B, *supra*. The government also is directed to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively. Impeachment material must be provided no later than production of the *Jencks* Act statements.

6

C. *Rule 404(b)*: Upon request of the defendant, the government is directed to provide to the defense a summary of any evidence it intends to offer of other crimes, wrongs or acts pursuant to FED. R. EVID. 404(b).  **The 404(b) evidence shall be provided to the defense as soon as practicable after the government has determined to use such evidence, subject to the following deadlines:** If the 404(b) evidence pertains to acts or conduct of the defendant which is alleged to have occurred within the Northern District of Georgia, the summary required to be provided under this heading and the rule shall be provided no later than **fourteen (14)** days before trial.  If the acts or conduct is alleged to have occurred outside the Northern District of Georgia, the summary required to be provided under this heading shall be provided no later than **twenty-one (21)** days before trial.

D. *Preservation of Evidence and Handwritten Notes of Agents:* The government is directed to preserve all evidence and handwritten notes of law enforcement officers pertaining to this case and the defendant.  Notwithstanding this provision, if the government wishes to destroy contraband drug evidence in conformance with the procedures set forth in 28 C.F.R. § 50.21, the government must first give each affected defendant notice in writing of the intended contraband destruction.  Said notice shall not be given earlier than **fourteen (14)** days after the entry

of this Order.  Any defendant shall have **fourteen (14)** days after the date of the notice to file a written objection to the proposed contraband destruction.  If no objections are filed and the government otherwise has complied with any applicable protocol under 28 C.F.R. § 50.21, the government may destroy the excess contraband.[2]

      E.  *Examination and Testing of Physical Evidence:*  The defendant shall be allowed to examine and test physical evidence under reasonable conditions which maintain the integrity of the evidence.

      F.  *Monitored Phone Calls of an In-Custody and All Electronic Recordings of Defendant:*  The government shall disclose to the defendant if it has heard, used, or intends to use, any monitored phone calls made by the defendant while in custody, and shall disclose to defendant all electronic monitoring of the defendant in accordance with FED. R. CRIM. P. 16 and 18 U.S.C. § 2500, *et seq.* (Title III).  A defendant is not entitled to the recorded conversations of co-defendants or others to which he/she was not a party, unless required to be produced by Rule 16, the *Jencks* Act, or *Brady* and/or *Giglio*.

---

[2] The government is reminded that the provisions of this Order apply only to parties presently before the Court and not to defendants who have not been apprehended or who are subsequently charged in this case.

G. *__Identification Materials:__* The government shall disclose to the defense the circumstances under which any photographic or lineup identification of the defendant was made and shall provide the defendant with copies of any photographs used to make any identification.

H. *__Charts and Summaries__*:  The government shall produce any charts or summaries to be used in its opening statement or presentation of its case-in-chief at trial no later than **three (3)** business days before trial.  The defendant shall produce any charts and summaries to be used in his or her opening statement no later than **three (3)** business days before trial.  All other charts and summaries shall be produced to the other party at least **one (1)** business day prior to their use.  As used in this paragraph, the term "summaries" excludes summaries of expert testimony which must be disclosed upon request under FED. R. CRIM. P. 16(a)(1)(G); expert summaries are due to be disclosed in the time provided for discovery.

I. *__Jencks Act (18 U.S.C. § 3500)__*:  The Court has no authority to order the government to provide *Jencks* Act material at any time prior to the completion of direct examination of the government witness at issue.  *Jordan*, 316 F.3d at 1227 n.17, 1251 & n.78.  The Court strongly encourages the government to disclose *Jenck*s Act material before the pretrial hearing or trial at which the witness will be called to testify.  Any

9

agreement between the parties to provide early *Jencks* Act material may be memorialized orally at the pretrial conference or by letter agreement between the parties. The government is **ORDERED** to comply with the *Jencks* Act.

J. *Names of Unindicted Co-Conspirators:* If there is a conspiracy count in the indictment or if the government intends to rely on FED. R. EVID. 801(d)(2)(E) to introduce co-conspirator statements, the government is directed to provide the defendant with the names of unindicted co-conspirators known to the government, but not with statements made by co-conspirators or with their address or other identifying information, unless required by the *Jencks* Act, *Brady* and/or *Giglio*.

K. *Identification of Government Witnesses:* Upon request of the defendant, the government is required to provide the names of all expert witnesses, along with other information and materials required by FED. R. CRIM. P. 16(a)(1)(F) and (G) and FED. RS. EVID. 702, 703, and 705.

No party is required to provide a list of its other witnesses in advance of trial unless otherwise compelled by law. The Court will entertain a motion for a witness list only if it is particularized to the facts of this case.

L. *Bruton Issues:* The government shall disclose to the defendant and the Court whether it anticipates introduction at trial of a co-defendant's statement that

inculpates the defendant, within the meaning of *Bruton v. United States*, 391 U.S. 123 (1968). At the pretrial conference, the government shall be prepared to announce whether, if both defendants opted to go to trial, they could not be tried jointly since the co-defendant's statements could not be properly redacted to comply with the Supreme Court's directive in *Gray v. Maryland*, 523 U.S. 185 (1998).

M. ***Motions to Sever Defendants Under FED. R. CRIM. P. 14(a) Due to Prejudicial Overspill:*** Severance under FED. R. CRIM. P. 14 where there is an allegation of undue prejudice from a joint trial due to prejudicial "overspill" is warranted only when a defendant demonstrates that a joint trial will result in "specific and compelling prejudice" to his or her defense. Compelling prejudice occurs when the jury is unable, even after proper instruction from the trial court, "to separately appraise the evidence as to each defendant and render a fair and impartial verdict." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001). The trial court is empowered to sever defendants or counts after the commencement of the trial under Rule 14 if manifest necessity so requires. *United States v. Butler*, 41 F.3d 1435, 1441 (11th Cir. 1995). Therefore, any motion for severance on grounds of prejudicial overspill should not be filed unless it sets out ***specific, individualized grounds*** as to why the defendant is unduly prejudiced by a joint trial with others.

11

AO 72A
(Rev.8/8
2)

N. ***Reserving Right to File Additional or Out-of-Time Motions:*** Motions for an extension of time to file pretrial motions are not granted as a matter of right, but must be based on good cause shown. Any motion to file additional or out-of-time motions must contain a particularized statement of the existence of good cause to file such a motion, must identify the specific motion or motions that may be filed, a statement of the position of opposing counsel, and be accompanied by a proposed order which includes appropriate language excluding any delay under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

O. ***Motion to Adopt Motions of Co-Defendants:*** No motion to adopt one or more motions of a co-defendant shall be filed unless it is accompanied by a statement specifically demonstrating the standing of the adopting party to seek the relief requested in each motion sought to be adopted. A motion to adopt shall **only** seek to adopt a single motion of a co-defendant; moving to adopt multiple motions, even of the same co-defendant, requires the filing of a separate motion to adopt as to each motion. As to any motion sought to be adopted, the adopting defendant must either (1) specifically identify the motion sought to be adopted by its docket number in CM/ECF (preferred); or (2) include as an attachment to the motion to adopt a copy of at least the front page of the motion sought to be adopted. The motion must otherwise comply with the

requirements of N.D. Ga. CrR. 12.1.C. Any motions to adopt not filed in compliance with this paragraph shall be denied.

P. *Motion for Reciprocal Discovery:* If the defendant has requested discovery, upon request of the government following its compliance with its FED. R. CRIM. P. 16(a)(1)(E) obligations, the defendant is required to provide discovery materials and information in accordance with FED. R. CRIM. P. 16(b) and N.D. Ga. CrR. 16.1.

**Subject to the above instructions:**

(1) Unless otherwise extended by the undersigned or the District Judge to whom this case is assigned for trial, the parties shall file with the Clerk within (14) fourteen days after arraignment any necessary pretrial motions pursuant to N.D. Ga. CrR. 12.1A and B and 16.1 and N.D. Ga. R. 5.1.A, 7, 10 and 11.

(2) **Each motion other than a motion to adopt shall contain a certification that counsel conferred with opposing counsel concerning the subject matter of the motion but was unable to reach agreement on the resolution of the issue therein**. N.D. Ga. CrR. 12.1D.

V. *Procedure at Pretrial Conference*

A. **Government counsel** shall be prepared to discuss:

      1.   The circumstances surrounding any arrest of the defendant;
      2.   The circumstances surrounding any identifications made of the defendant;
      3.   The circumstances surrounding any statements made by the defendant to law enforcement or other government agents; and
      4.   The circumstances surrounding any searches or seizures that resulted in evidence that the Government intends to use against the defendant.
      5.   Whether it intends to introduce any evidence pursuant to FED. R. EVID. 404(b).
      6.   Whether it intends to introduce any expert testimony.

  B.  Where possible, the undersigned will rule orally on any motions that have been filed.  The rulings will be noted on the docket sheets and the docket of the case.

  C.  Evidentiary hearings will be scheduled.

  D.  **Counsel** also shall be prepared to discuss the following:

      1.   Evidentiary and other legal issues they anticipate may arise at trial;
      2.   Probability of disposition of the case without trial;
      3.   Problems relating to the scheduling of trial; and
      4.   Whether any facts can be stipulated.

  E.  Failure to respond to a motion after being directed to do so within **fourteen (14)** days thereafter or at such time as set by the Magistrate Judge may be

AO 72A
(Rev.8/82)

considered as indicating there is no opposition to the motion. N.D. Ga. R.7.1.B; N.D. Ga. CrR. 12.1.B.

      F.  Failure by a party to raise defenses or objections or make motions as specified in FED. R. CRIM. P. 12(b)(3)(A)-(D) shall constitute a waiver thereof, unless good cause for such failure is shown.[3]

      G.  When a party fails to supplement or perfect a motion within the time afforded after having requested or been given an opportunity to supplement or perfect said motion, the Court may deem the original motion abandoned or withdrawn.

## VI. *Rescheduling of the Pretrial Conference*

The pretrial conference may be continued only by order of the Court. A party seeking to continue a pretrial conference must <u>first</u> confer with all other counsel representing parties in this case to determine whether all parties consent to the continuance. If all parties consent to the rescheduling of the pretrial conference, the party seeking the continuance should then contact the undersigned Magistrate Judge's Courtroom Deputy Clerk to request to reschedule the pretrial conference, and if said request is granted, to set a new date and time for the conference.

---

[3] A motion is not necessary to protect a party's right to Rule 16 discovery materials and information so long as the party seeking protection complies with the procedure set forth in this Order. *See* FED. R. CRIM. P. 12(b)(3)(E).

If a party seeking to continue a pretrial conference cannot obtain the consent of all parties in this case, a written motion specifying the reasons for the continuance must be filed with the Clerk and a courtesy copy served on the undersigned at least **one (1) business day** prior to the pretrial conference.  Any consent continuance or motion to continue the pretrial conference shall be accompanied by a proposed order which includes the following: (1) a place for the entry of any rescheduled date and time to hold the pretrial conference, and (2) the following language for the Court's consideration:

   ( )   The delay between the original and rescheduled pretrial conferences shall be excluded from Speedy Trial Act calculations because the Court finds that the reason for the delay was for good cause and the interests of justice in granting the continuance outweigh the public's and the defendant's rights to a speedy trial.  18 U.S.C. § 3161, *et seq.*

   ( )   The delay between the original and rescheduled pretrial conferences shall not be excluded for Speedy Trial Act purposes. 18 U.S.C. § 3161, *et seq.*

   ( )  The Court finds that due to the extensive discovery in this case, it was necessary to extend the time for the defendants to file pretrial motions, and accordingly, postpone the holding of the initial pretrial conference.  The Court finds that the interests of justice in continuing the pretrial motions deadline and in holding the pretrial conference substantially outweigh the interests of the public and defendants in the speedy resolution of this matter, and thus the Clerk is directed to count as excludable any delay occurring in extending the motions deadline and the holding of the pretrial conference.  18 U.S.C. § 3161, *et seq.*

16

AO 72A
(Rev.8/82)

**IT IS SO ORDERED,** this the 20th day of August, 2014.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)